IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIRK ALAN SWEARINGEN,<br>    Petitioner,<br><br>vs.<br><br>KRIS WEITZELL, Warden,<br>    Respondent. | No. 4:17-cv-00263-RGE<br><br><br><br>RESPONDENT'S<br>BRIEF IN SUPPORT OF<br>MOTION TO DISMISS |

**TABLE OF CONTENTS**

I. Background Facts and Proceedings ................................................... 1

II. The Petition is Barred by the Statute of Limitations ......................... 3

III. Swearingen Has Not Properly Exhausted a Federal-Law Claim ...... 4

IV. Conclusion ........................................................................................ 6

**I. Background Facts and Proceedings.**

In 2001, Kirk Swearingen sexually abused minor brothers in Jasper County, Iowa.  On September 13, 2001, law enforcement filed a criminal complaint charging Swearingen with two counts of sex abuse in the second degree.  Criminal Complaint; Habeas Appendix 1. Swearingen then fled the State of Iowa and was a fugitive from justice. When the Federal Bureau of Investigation arrested Swearingen on a

1

nationwide fugitive-from-justice warrant on September 15, 2006, law enforcement discovered him in possession of child pornography and prosecuted him for that crime. *See United States v. Swearingen*, 2:06-cr-00651-DAK-1. After the State of Iowa was able to extradite Swearingen, it filed a trial information alleging two counts of second-degree sexual abuse for the 2001 crime. *State v. Swearingen*, FECR008097, Trial Information; Habeas Appendix 3. Pursuant to a plea bargain, Swearingen entered an *Alford* plea to two counts of third-degree sexual abuse on February 18, 2009. Judgment Entries; Habeas Appendix 5.

Swearingen did not file a direct appeal. Swearingen also has never filed a state-court postconviction relief action.

On June 27, 2016, the State of Iowa filed an application to commit Swearingen as a sexually violent predator. *In Re Detention of Kirk Alan Swearingen*, Iowa Dist. Ct. No. CVCV120022. That case remains pending,[1] and the Iowa Supreme Court recently denied Swearingen's

---

[1] The Iowa Judicial Branch maintains two electronic case databases. A publicly accessible database listing only the docket entries is located at https://www.iowacourts.state.ia.us/ESAWebApp/SelectFrame. A separate database of electronically filed documents is available to licensed Iowa attorneys at https://www.iowacourts.state.ia.us/Efile/.

application for interlocutory appeal. *In Re Detention of Kirk Alan Swearingen*, Iowa Sup. Ct. No. 17-1141.

On July 19, 2017, Swearingen filed a federal petition for writ of habeas corpus. Document 1. On August 7, 2017, the Court ordered Respondent to answer the petition within 60 days. Document 2. The State of Iowa moves that the petition be dismissed as barred by the statute of limitations and for failure to properly exhaust state remedies.

## II. The Petition is Barred by the Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year time limit for filing a federal habeas petition. 28 U.S.C. § 2244(d). This provision applies to all federal habeas petitions filed after the date of AEDPA's enactment, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322, 326-27 (1997).

The one-year limitation period begins to run on the latest of four triggering events. 28 U.S.C. § 2244(d)(1)(A)-(D). The only relevant triggering event in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

*See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a federal court's ability to take judicial notice of public records); Fed. R. Evid. 201 (judicial notice).

seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Swearingen did not file a direct appeal, the time for seeking direct review in this case expired when the time for filing a direct appeal expired on April 22, 2009. Swearingen was therefore required to file his petition for habeas corpus within one year of April 22, 2009, unless the statutory clock was tolled for some reason.

A properly filed application for state postconviction relief tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Yet, Swearingen did not file an application for postconviction relief. In fact, Respondent is not aware of any event that would have tolled the statute of limitations in this case. Thus, Swearingen's petition for writ of habeas corpus was filed over seven years too late.

**III. Swearingen Has Not Properly Exhausted a Federal-Law Claim.**

Swearingen argues he was denied the right to a speedy trial and that he was not informed about Iowa's laws governing the civil commitment of sexually violent predators. Yet, because Swearingen did not file a direct appeal and has never filed a postconviction relief action,

he cannot have properly exhausted any federal-law claims to bring to this Court.

A habeas petitioner must give the state courts an opportunity to decide the merits of any federal-law claims before resorting to federal court. *See* 28 U.S.C. § 2254(b), (c); *Kennedy v. Delo*, 959 F.2d 112, 115 (Iowa 1992). The exhaustion requirement has existed for over 125 years, *King v. Berghuis*, 744 F.3d 961, 964 (6th Cir. 2014) (citing *Ex parte Royall*, 117 U.S. 241 (1886)), and serves interests of federalism and comity by allowing state courts the first opportunity to consider alleged violations of state prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Like all of 28 U.S.C. § 2254, the exhaustion requirement applies whenever the petitioner is in custody pursuant to the judgment of a state court. Brian R. Means, *Federal Habeas Manual* § 1:34 (2014) (citing *Crouch v. Norris*, 251 F.3d 720, 8th Cir. 2001)).

To exhaust a claim, the petitioner must present the factual basis of the claim as well as the legal theory supporting it, and he must provide notice to each state court that the claim has a federal legal basis. *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003). Further, "an Iowa prisoner whose appeal is deflected to the Iowa Court of

Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts." *Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010) (applying *O'Sullivan v. Boerckel*, 525 U.S. 838, 845 (1999)). Swearingen did none of that.

### IV. Conclusion.

The petition for writ of habeas corpus is untimely and features no properly exhausted federal claims. Therefore, this case must be dismissed with prejudice.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

BENJAMIN M. PARROTT
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Bldg., 2nd Fl.
Des Moines, Iowa 50319
Telephone: 515-281-5976
Fax: 515-281-4903
benjamin.parrott@iowa.gov
ATTORNEY FOR RESPONDENT(S)

Copy to:

Kirk Alan Swearingen
Newton Correctional Facility
PO Box 218
Newton, IA 50208

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on August 22, 2017.
☐ U.S. Mail ☐ Fax
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ Electronically via CM/ECF

Signature:

6